**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| FALEN E. CARAVAJAL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-126-PRC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Falen E. Caravajal on March 22, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], filed by Plaintiff on August 29, 2017. Plaintiff requests that the August 10, 2016 decision of the Administrative Law Judge denying her claim for disability insurance benefits and supplemental security income be reversed and remanded for an award of benefits or for further proceedings. On October 10, 2017, the Commissioner filed a response, and Plaintiff filed a reply on October 27, 2017. For the following reasons, the Court grants Plaintiff's request for remand.

**PROCEDURAL BACKGROUND**

On December 2, 2013, and May 27, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income, respectively, alleging disability beginning October 25, 2013. The applications were denied initially and on reconsideration. On July 18, 2016, Administrative Law Judge William Spalo ("ALJ") held a hearing. In attendance at the hearing were Plaintiff, Plaintiff's attorney Sean Kelley, and an impartial vocational expert. On August 10, 2016, the ALJ issued a written decision denying benefits, making the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since October 25, 2013, the alleged onset date.

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except no climbing of ladders, ropes or scaffolds; occasional climbing of ramps and stairs; occasional balancing, kneeling, stooping, crouching and crawling; and avoid concentrated exposure to dangerous machinery, uneven slippery surfaces and unprotected heights.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born [in 1981] and was 32 years old, which is defined as a younger individual age 18-44 on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 25, 2013, through the date of this decision.

(AR 22-28).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and

3

the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be

4

expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's residual functional capacity (RFC). The RFC "is an administrative assessment of what work-related activities an individual can perform despite [her] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th

Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks remand, arguing that the ALJ erred (1) in assessing Plaintiff's residual functional capacity, (2) in weighing the medical opinions of Plaintiff's treating physician, and (3) in evaluating Plaintiff's subjective complaints. The Court considers each of Plaintiff's arguments in turn.

### A. Residual Functional Capacity

The RFC is a measure of what an individual can do despite the limitations imposed by her impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four and five of the sequential evaluation process and must be supported by substantial evidence. SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, at *3. The relevant evidence includes medical history; medical signs and laboratory findings; the effects of symptoms, including

pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*. The "ALJ must also consider the combined effects of all the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

1. *Ability to Sit*

Plaintiff argues that the ALJ erred in determining that Plaintiff could sit for 6 hours in a workday. At the hearing, the ALJ asked Plaintiff why she believed herself unable to work. As part of her response, Plaintiff indicated that she was unable to sit for long periods of time due to excruciating pain in her right leg. (AR 47). She reported that her doctor attributed this pain to a bulge in her back and a compressed nerve. *Id.* Plaintiff alleged that she could sit for 15 to 20 minutes before needing to switch positions or lie down. (AR 54). Plaintiff's sister reported that Plaintiff stopped attending her church because she cannot sit in the chairs there. (AR 230). Medical records support Plaintiff's alleged limited ability to sit. *E.g.* (AR 299 ("As long as she can move her pain is not so bad."), 306 ("She notes that daily activity and standing aggravate her pain and rest tends to decrease her pain."), 321-22 (MRI results with impressions of posterior disc bulges and early degenerative change in the lumbar spine), 369 ("She has limited rotation, flexion, and extension of the lumbar spine.")).

In his decision, the ALJ references Plaintiff's complaint of excruciating pain due to nerve impingement and bulging discs in her back, and he recites her attempts to alleviate the pain with

7

injections, physical therapy, and muscle relaxers. However, the ALJ only reports that Plaintiff stated a limited ability to stand. He did not reference Plaintiff's allegation of a limited ability to sit. The ALJ ultimately found Plaintiff capable of performing a limited range of sedentary work, which involves sitting for up to 6 hours in an 8-hour workday.

ALJs must fairly evaluate the record. "Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling. *Golembiewski*, 322 F.3d at 917(citations omitted) (citing *Dixon*, 270 F.3d at 1176; *Zurawski*, 245 F.3d at 888); *accord Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014); *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) ("[W]e cannot uphold an administrative decision that fails to mention highly pertinent evidence" (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (per curiam)).

Here, the ALJ ignored Plaintiff's allegations of a limited ability to sit, and did not address the supporting evidence as it pertains to Plaintiff's ability to sit. The finding that Plaintiff retained the ability to sit for 6 hours per workday is contrary to the ignored allegations and evidentiary support. The Court cannot trace the ALJ's reasoning behind rejecting the testimony and evidence supporting a limited ability to sit. The lack of analysis regarding Plaintiff's ability to sit necessitates remand.

2.  *Medical Support*

Plaintiff argues that the ALJ rejected all medical opinions, which created an evidentiary deficit, leading the ALJ to improperly make independent medical determinations in crafting Plaintiff's RFC. Plaintiff asserts that the ALJ rejected the opinions of Drs. Brill and Corcoran, the non-examining state agency consultants, who opined that Plaintiff could do a limited range of light work. Plaintiff argues that the opinions were rejected because the ALJ found Plaintiff to be able to

8

perform a limited range of sedentary work. The ALJ also assigned little weight to an assessment submitted by Dr. Chand, Plaintiff's treating physician, and assigned little weight to a letter from Dr. Joudeh regarding Plaintiff's ability to return to work in December 2013. Plaintiff argues that, due to these assignments of weight, there was an evidentiary deficit.

The Court disagrees that this is an evidentiary deficit or that the ALJ made an independent medical determination. The ALJ did not reject the opinions of Drs. Brill and Corcoran. He adopted them almost in their entirety but indicated that, due to Plaintiff's reports of pain aggravated by standing, a limitation to sedentary work was more appropriate. Determining RFC is a legal decision, rather than a medical one and need not be based on a medical opinion. *Diaz*, 55 F.3d at 306 n.2. The ALJ explained how he came to the conclusion that sedentary work, not light work, was appropriate, and did not simply adopt a "middle ground" as argued by Plaintiff. Plaintiff's argument of "rejection" of the state consulting physicians' opinions leading to an evidentiary deficit does not provide a basis for remand.

For the first time in her reply, Plaintiff argues that the ALJ did not explain how he determined Plaintiff had the RFC to lift 10 pounds. Plaintiff waived this argument by not raising it in her opening brief. On remand, however, the ALJ should clarify how he arrives at his determination of Plaintiff's ability to lift.

3. *Impairments in Combination*

Plaintiff next argues that the ALJ did not meet his requirement to consider her morbid obesity and mental impairment in conjunction with her degenerative disc disease. *See Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) (citing *Terry v. Astrue*, 580 F.3d at 477). Social Security Ruling 02-1p requires an ALJ, in formulating the RFC, to consider the exacerbating effects of

obesity on underlying conditions even if the obesity itself is not a severe impairment. 2002 WL 34686281, *6 (Sept. 12, 2002); *Hernandez v. Astrue*, 277 F. App'x 617, 623-24 (7th Cir. 2008).

Here, the ALJ found Plaintiff's obesity to be a severe impairment and her mental impairment to be nonsevere. Plaintiff does not acknowledge the ALJ's explicit statement that his RFC assessment "reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." (AR 24). On remand, the ALJ is directed to consider all of Plaintiff's impairments in combination, including, as applicable, obesity and mental impairments.

### B. Weight to Treating Physician's Opinion

An ALJ must give the opinion of a treating doctor controlling weight if (1) the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and (2) it is "not inconsistent" with substantial evidence of record. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). In weighing all opinion evidence, the ALJ considers several factors. *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008); 20 C.F.R. §§ 404.1527(c), 416.927(c). When a treating physician's opinion is not given controlling weight, the ALJ must nevertheless consider certain factors to determine how much weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability (such as medical signs and laboratory findings), and specialization. 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5).

In some cases, the Seventh Circuit Court of Appeals has held that the ALJ must explicitly address the checklist of factors in the decision in order to allow the district court to review whether the ALJ in fact considered the factors. *See Scrogham*, 765 F.3d at 697-98; *Campbell v. Astrue*, 627

10

F.3d 299, 308 (7th Cir. 2010); *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010); *Bauer*, 532 F.3d at 608. However, in other cases, the Seventh Circuit Court of Appeals has held that a court will "allow that decision to stand so long as the ALJ 'minimally articulate[d]' his reasons—a very deferential standard that [the court has], in fact, deemed 'lax.'" *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (citing *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008)); *see also Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013).

Plaintiff argues that the ALJ erred by not evaluating the opinion of treating physician Dr. Chand in line with these factors. Specifically, Plaintiff argues that the ALJ did not credit Dr. Chand's opinion in light of Dr. Chand's specialization, his treatment relationship with Plaintiff, and the supportability of the opinion. In affording only little weight to Dr. Chand's opinion, the ALJ wrote that little weight was appropriate because Dr. Chand had only been treating Plaintiff for a month when the opinion was given and because the level of limitation opined to was not supported by Plaintiff's tests and neurological functioning. Here, the ALJ considered Dr. Chand's treating relationship and the supportability of the opinion. Plaintiff disagrees with the ALJ's conclusions, but the argument that the ALJ did not consider these checklist factors is misplaced. On remand, the ALJ is directed to consider Dr. Chand's specialization when assigning weight to his medical opinion.

### C. Subjective Complaints

In making a disability determination, the Social Security Administration will consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id.* The Administration's decisionmaker must

weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See id.* §§ 404.1529(c)(3), 416.929(c)(3). "[S]ubjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). "Adjudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." *Id.* at *11.

Plaintiff argues that the ALJ's consideration of her smoking habit, lack of muscle atrophy, and church attendance were improper. Regarding smoking, the ALJ claims that it "has a negative effect on healing," but does not cite any evidence that her condition would be restored to a non-severe condition if she were not a smoker. Accordingly, discrediting Plaintiff's statement of her subjective symptoms on this basis was error. *See Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000). Similarly, the ALJ's determination that Plaintiff's alleged level of activity would result in muscle atrophy lacks support from a medical expert and is improper. *See Groskreutz v. Barnhart*, 108 F. App'x 412, 417 (7th Cir. 2004) (citing *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003)). Lastly, the perceived conflict between allegations of panic attacks and church attendance is insufficiently explained and ignores evidence that Plaintiff stopped attending church due to an inability to sit in the chairs there. On remand, the ALJ must build logical bridges from the evidence to his conclusions regarding the severity of Plaintiff's subjective symptoms.

### D. Request for Award of Benefits

Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for additional proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Based on the discussion above, remand, not an immediate award of benefits, is required.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DENIES** Plaintiff's request to award benefits.

So ORDERED this 14th day of May, 2018.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT